UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IRWIN MICHAEL BRODY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 00-1913 (JMR/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be TRANSFERRED to the U.S. District Court for the District of Nevada.

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota, serving a federal prison sentence imposed by the U.S. District Court for the District of Nevada. He was initially sentenced to consecutive terms of 30 months, 15 months and 41 months, after pleading guilty to two counts of bank fraud and one count of escape. (Petition, [Docket No. 1], p. 2.) On appeal, however, his original sentences were vacated and his case was remanded to the district court for re-sentencing. U.S. v. Brody, No. 96-10016 (9th Cir. 1996), 1996 WL 528485 (unpublished opinion). The current petition does not clearly indicate what happened to Petitioner's sentences following the remand.

FILED AUG 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

It is clear, however, that Petitioner is presently challenging the validity of the final sentences imposed by the trial court. In his current § 2241 habeas corpus petition, he complains that his sentences include enhancements based on "elements of the crime," rather than mere "sentencing factors." Citing the U.S. Supreme Court's recent decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Petitioner contends that the trial court deprived him of his constitutional right to due process at sentencing, by considering matters that cannot properly be used as sentencing factors. He further contends that he has already served the sentence that he should have received, and that he is therefore entitled to immediate release from custody.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone

v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

The instant petition is subject to § 2255's exclusive remedy rule, because Petitioner is clearly challenging the validity of the sentences imposed by the trial court. Petitioner has not demonstrated (or even alleged) that the remedy provided by § 2255 is inadequate or ineffective for the claims he is seeking to raise, and he is therefore barred from raising those claims in a petition brought under § 2241. Habeas corpus relief is simply not available, under § 2241 or otherwise, for Petitioner's current claims.

Because Petitioner's § 2241 petition cannot be entertained in this District, it could properly be dismissed (without prejudice) for lack of jurisdiction. Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam). However, the Court concludes that the interests of justice would be better served by construing the petition as a motion brought under 28 U.S.C. § 2255, and transferring this case to the only district that could properly entertain a collateral challenge to Petitioner's sentences -- namely the District of Nevada, the court that imposed the sentences at issue. See 28 U.S.C. §§ 1406(a) and 1631.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to immediately transfer this action to the U.S. District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: August 17, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Sept. 5, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.